# UNITED STATES ARMY COURT OF CRIMINAL APPEALS

Before
RISCH, PENLAND, and WOLFE
Appellate Military Judges

**UNITED STATES, Appellee**
**v.**
**Specialist PHILLIP L. WIGLITTON**
**United States Army, Appellant**

ARMY 20140638

Headquarters, Fort Bliss
Michael J. Hargis, Military Judge
Colonel Karen H. Carlisle, Staff Judge Advocate

For Appellant: Major Daniel E. Goldman, JA (argued); Lieutenant Colonel Charles D. Lozano, JA; Major Andres Vazquez, Jr., JA; Major Daniel E. Goldman, JA (on brief).

For Appellee: Captain John Gardella, JA (argued); Colonel Mark H. Sydenham, JA; Major John K. Choike, JA; Major Matthew T. Grady, JA (on brief); Major Scott L. Goble, JA; Captain John Gardella, JA (supplemental brief).

19 September 2016

---------------------------------------------------------------------
MEMORANDUM OPINION ON RECONSIDERATION
---------------------------------------------------------------------

*This opinion is issued as an unpublished opinion and, as such, does not serve as precedent.*

PENLAND, Judge:

A military judge sitting as a general court-martial convicted appellant, pursuant to his pleas, of assault consummated by battery upon a child under the age of sixteen, two specifications of aggravated assault upon a child under the age of sixteen, and two specifications of child endangerment by culpable negligence, in violation of Articles 128 and 134, Uniform Code of Military Justice, 10 U.S.C. §§ 928, 934 [hereinafter UCMJ]. The convening authority approved the adjudged sentence of a bad-conduct discharge, confinement for thirty months, and reduction to the grade of E-1.

In our earlier decision, *United States v. Wiglitton*, ARMY 20140638, 2016 CCA LEXIS 376 (Army Ct. Crim. App. 13 Jun. 2016), we affirmed only so much of the finding of guilty to Specification 2 of Charge I as provided for the lesser-

included offense of assault consummated by battery.  We affirmed the remaining findings of guilty and, after reassessment, affirmed the sentence.  We provided this limited relief under our statutory authority to affirm only so much of the findings that "should be approved."  UCMJ art. 66(c).

The government requested we reconsider our decision, expressing concern that we had departed from the statute's legal constraints as our superior court described in *United States v. Nerad*, 69 M.J. 138, 146 (C.A.A.F. 2010)("the statutory phrase 'should be approved' does not involve a grant of unfettered discretion but instead sets forth a legal standard subject to appellate review.").  Given our original decision's brevity with respect to our "should be approved" authority, we seek to explain more fully.

At trial, the parties spent considerable effort to provide the military judge a common picture of appellant as culpably negligent.  This task was particularly difficult for appellant for at least one reason–he had previously told law enforcement authorities his son's blunt force head trauma was simply an accident.  To "come clean" during the providence inquiry and get the benefit of his pretrial agreement, appellant risked exposing himself to future prosecution for making a false statement to law enforcement.

We frequently see cases in which the intangible forces of human nature discourage appellants from fully describing their misconduct during inquiries pursuant to *United States v. Care*, 18 U.S.C.M.A. 535, 541, 40 C.M.R. 247, 253 (1969).  This case highlights a tangible interest—avoiding future prosecution—which worked at cross purposes with the military judge's duty to elicit sufficient facts to determine whether appellant was provident.

Appellant obviously struggled to explain how his son's head injuries were the result of culpable negligence, but ultimately offered an explanation.  Each time appellant carried his son on his hip, his son would resist by extending his body backward—appellant knew this before but disregarded it on the day in question.  On the day in question, his son had a dirty diaper and appellant carried him on his hip to another room in order to change it.  As appellant jogged with his son through the doorway, his son launched his upper body away from him and struck his head.  Appellant asserted that because he knew his son launched himself backwards, he was culpably negligent when he put his son on his hip and tried to pass through a door with insufficient clearance.  Essentially—as a result of the conflict between the military judge's duty and appellant's self-interest—we are left with a description of a five-month-old baby, with sufficient core strength to propel his body with such force that he suffered multiple skull fractures and intracranial bleeding from striking the doorframe.

Appellant's description of the injury mechanism was internally consistent—at least after pointed questioning by the military judge. And appellant claimed he was culpably negligent and therefore guilty. For these reasons, we declined to find the military judge abused his discretion in accepting his guilty plea to the affected specification. We have never required—indeed the military justice system does not require—a military judge to independently determine whether appellant's statements in a *Care* inquiry are true; therefore, the military judge did not err. However, our duties are different from those held by military trial judges, for we may only affirm so much of the findings and sentence that "should be" affirmed. UCMJ art. 66(c).

Our decision is not motivated by equity or any desire to grant appellant some measure of clemency. Rather, it is motivated by what we perceive as our duty to affirm only the results of proceedings which are reliable—those which are unreliable should not be affirmed. Appellant's *Care* inquiry bordered on the fantastical and was therefore unreliable. We have no doubt the baby suffered these injuries at appellant's hands and we are similarly certain it was no accident. However, the offense did not happen as appellant described.

On reconsideration, the incredulity of appellant's providence inquiry with respect to the affected specification also undermines the reliability of our affirmed finding of guilty of the lesser-included offense. The *sine qua non* of such an affirmed finding remains appellant's characterization of his behavior as culpably negligent. Accordingly, for similar reason as just discussed, his conviction for simple battery also cannot stand on such unreliable grounds.

## CONCLUSION

The finding of guilty of Specification 2 of Charge I is set aside and DISMISSED. The remaining findings of guilty are AFFIRMED. We are able to reassess the sentence on the basis of the error noted and do so after conducting a thorough analysis of the totality of circumstances presented by appellant's case and in accordance with the principles articulated by our superior court in *United States v. Winckelmann*, 73 M.J. 11, 15-16 (C.A.A.F. 2013) and *United States v. Sales*, 22 M.J. 305 (C.M.A. 1986). We are confident that based on the entire record and appellant's misconduct, the military judge would have imposed a sentence of at least that which was adjudged, and accordingly we AFFIRM the sentence.

We find this reassessed sentence is not only purged of any error but is also appropriate. All rights, privileges, and property, of which appellant has been deprived by virtue of that portion of the findings set aside by our decision, are ordered restored.

WIGLITTON—ARMY 20140638

Chief Judge RISCH and Judge WOLFE concur.

FOR THE COURT:

MALCOLM H. SQUIRES, JR.
Clerk of Court